## BROWN BROS. v. PREVOST.

Mortgages given by a married woman since 1882, not based on supplies furnished her separate estate or on debts contracted for its benefit, create no liability as against her or upon such estate.

Before FRASER, J., Oconee, March, 1887.

The case is stated in the opinion of the court.

*Messrs. Broyles & Simpson* and *Keith & Verner*, for appellant.

*Mr. J. L. Tribble*, contra.

February 23, 1888.  The opinion of the court was delivered by Mr. CHIEF JUSTICE SIMPSON.    It appears that the appellant, Anna K. Prevost, in January, 1886, executed a mortgage covering a certain tract of land located in Oconee County, her separate estate, to secure a note of herself and husband, given to the respondents for $813 47 ; also another mortgage upon the same land on February 15, 1883, to the defendant, E. F. Carter, to secure a debt of $400, and still another on January 26, 1886, over the same land to secure a debt of $208.08 to W. F. Barr.    At the time and since said mortgages were executed the said Anna

K. was a married woman, the wife of appellant, J. Willett Prevost.

The plaintiffs, respondents, instituted the action below to foreclose their mortgage, and Carter and Barr were made parties defendants. Anna K. and her husband answered, denying the allegations in the complaint, except they admitted the execution of the mortgages, stating, as to the debt of the respondents, that only a portion thereof was for supplies to the separate estate of the said Anna K., a large portion being for family supplies, which the said Anna K. was under no obligation to furnish, and defendant, J. Willett Prevost, alleged that he had transferred an account on one Richardson to the respondents as collateral, for which he claimed a credit, or return thereof. As to the mortgage to E. F. Carter, this they alleged was to secure $400, advanced to the husband, to be used in a mercantile partnership with one W. E. Andrews, no part of it being for the separate estate of the said Anna K., she having given the mortgage as surety of her husband. As to the Barr mortgage for $208.08, they admitted this was to secure the amount mentioned, advanced for supplies for the separate estate of the said Anna K. Wherefore they ask judgment that the foreclosure of the Brown mortgage should only be for so much as upon production of their books should appear to be for supplies to the separate estate. That said Browns should be required to proceed to collect the account on Richardson, giving credit therefor to said appellants, or to return the same, and denying that the Carter mortgage could be enforced. Notice was given in the summons to E. F. Carter and W. F. Barr that no personal claim was made upon them, they were not served with the complaint, or the answer of Prevost and wife.

His honor, T. B. Fraser, held upon the pleadings, we suppose, as no testimony appears in the case, that the mortgages were valid and binding upon the defendant, Anna K. Prevost, and all of the mortgagees were entitled to a decree of foreclosure for the amount due on their respective mortgage debts, and he referred the case to the master to ascertain and report the amounts due and their respective priorities. From this judgment Prevost and wife have appealed, consenting, however, that Barr's mortgage

shall be foreclosed, and also the Brown mortgage to the extent of the supplies furnished the separate estate.

After the recent cases on the question involved here, we regard it to be wholly unnecessary to go into the argument again. It seems to us only necessary to refer to the cases of *Habenicht* v. *Rawls* (24 *S. C.*, 461), and *Aultman & Taylor Co.* v. *Rush* (26 *Id.*, 517); to the doctrines of which the judgment here is in direct opposition, in so far as it decrees liability under the mortgages not based on supplies furnished the separate estate, or debts contracted for its benefit, it being admitted that the several mortgages were executed after the amendment of section 2037, General Statutes, discussed and construed in said cases. Such being the fact, the judgment below, as an entirety, cannot be sustained. The appellants, however, consent that the Barr mortgage shall be foreclosed, and also the Brown mortgage, to the extent of the supplies furnished the separate estate, acknowledging the liability of said estate to so much of the claims, and to this end—

It is the judgment of this court, that as to the Barr mortgage, and as to so much of the Brown mortgage as secures the amount of their note contracted for supplies to the separate estate, the judgment below be affirmed; also the reference to the master; and as to so much as decrees that E. F. Carter is entitled to foreclosure, be reversed. Let the case be remanded, so that the master may ascertain the amount due, with the privilege on the part of appellants to make the question raised in their answer as to the Richardson account, alleged to have been transferred to the Browns as collateral to their mortgage claim.

Mr. Justice McIver concurred.

Mr. Justice McGowan. I concur that this opinion conforms to recent judgments of this court.